[Cite as *Walker v. Trumbull Neighborhood Partnership*, 2026-Ohio-2878.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| JAMES WALKER | Case No. 2026-00008PQ |
| Requester | Judge Lisa L. Sadler |
| v. | ENTRY |
| TRUMBULL NEIGHBORHOOD PARTNERSHIP | |
| Respondent | |

{¶1} Before the court is (1) a motion for reconsideration filed by requester (a self-represented litigant), which is contained in requester's filing of May 26, 2026, that is labeled "Notice of Compliance And Motion For Reconsideration of Judgment Entry," and (2) written objections filed by requester on May 28, 2026, which are not accompanied by proof of completed service.

**A. Requester's objections filed on May 28, 2026, are not properly before the court.**

{¶2} According to R.C. 2743.03(D), the Rules of Civil Procedure "shall govern practice and procedure in all actions in the court of claims, except insofar as inconsistent with [R.C. Chapter 2743]." Pursuant to Rule 5(B)(4) of the Ohio Rules of Civil Procedure, documents filed with the court "shall not be considered until proof of service is endorsed thereon or separately filed." Requester's written objections filed on May 28, 2026, are not accompanied by proof of completed service. Therefore, absent proof of service, this court is not required to consider requester's objections filed on May 28, 2026, under Civ.R. 5(B)(4). *Accord White v. Ross Corr. Inst.*, 2026-Ohio-1002, ¶ 27-28 (10th Dist.) (finding that this court exceeded its statutory role in a public-records case by independently reviewing submitted evidence, because objections to a special master's report and

recommendation were not served by certified mail, return receipt requested, as mandatorily required by R.C. 2743.75(F)(2)). *See generally State ex rel. Neil v. French*, 2018-Ohio-2692, ¶ 10 (pro se litigants are (1) required to follow the same procedures as litigants represented by counsel, (2) presumed to have knowledge of the law and legal procedures, and (3) held to the same standard as litigants who are represented by counsel).

{¶3} In accordance with Civ.R. 5(B)(4), and on the authority of *White*, requester's objections filed on May 28, 2026, will not be considered by the court.

**B. Requester's motion for reconsideration filed on May 26, 2026, is not well taken**.

{¶4} A review of the docket shows that, on May 21, 2026, after the court found that requester failed to timely file written objections to the special master's report and recommendation, the court issued a judgment entry and dismissed requester's claim.

{¶5} In requester's filing of May 26, 2026, requester urges that, since the court issued its final order in this case, he purportedly "cure[d]" a defect regarding the service of his objections. Requester asks the court to:

1. Reconsider its Judgment Entry of May 21, 2026;

2. Accept and consider Requester's Objections to the Special Master's Report and Recommendation, which were [purportedly] timely filed and are now [purportedly] properly served;

3. Vacate the dismissal and costs assessment entered on May 21, 2026; and

4. Grant such other and further relief as this Court deems just and equitable..

{¶6} Requester's motion for reconsideration is unpersuasive for at least three reasons. First, R.C. 2743.75 "provides for 'an expeditious and economical procedure that attempts to resolve disputes alleging a denial of access to public records' in violation of R.C. 149.43(B)." *Kidd v. City of Wilmington*, 2026-Ohio-978, ¶ 14 (12th Dist.); *Law Office of Josh Brown, LLC v. Ohio Secy. of State*, 2025-Ohio-2130, ¶ 9 (10th Dist.). *See* R.C. 2743.75(A). To accomplish this goal, R.C. 2743.75 "lays out a streamlined litigation

procedure." *Kidd* at ¶ 14; *Law Office of Josh Brown, LLC* at ¶ 9. If the court were to routinely reconsider a final order issued pursuant to R.C. 2743.75(F)(2), then such a practice would be inconsistent with the streamlined litigation procedure envisioned by the General Assembly in R.C. 2743.75. *See Kish v. City of Akron,* 2006-Ohio-1244, ¶ 44 (noting that the General Assembly is the ultimate arbiter of policy considerations relevant to Ohio public-records laws).

{¶7} Second, a review of R.C. 2743.75's special proceeding shows that R.C. 2743.75 contains no provision authorizing this court to reconsider its final orders. *Compare* R.C. 2743.75(G)(1) (statutory provision authorizing appeals in certain circumstances). *See Black's Law Dictionary* (12th Ed. 2024) (defining special proceeding as a "proceeding involving statutory or civil remedies or rules rather than the rules or remedies ordinarily available under rules of procedure; a proceeding providing extraordinary relief").

{¶8} Third, a motion for reconsideration of a final judgment is a nullity under the Ohio Rules of Civil Procedure. *See Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378 (1981), paragraph one of the syllabus (holding that the Ohio Rules of Civil Procedure "do not prescribe motions for reconsideration after a final judgment in the trial court"); *Pitts* at 379 ("[i]nterpretation of the Rules of Civil Procedure and practical considerations warrant our determination that motions for reconsideration of a final judgment in the trial court are a nullity").

{¶9} Wherefore, for reasons set forth above, requester's motion for reconsideration, which is contained in requester's filing of May 26, 2026, that is labeled "Notice of Compliance And Motion For Reconsideration of Judgment Entry," is DENIED. The court finds that a denial of requester's motion for reconsideration, without waiting for a response from respondent, will not result in material prejudice to respondent. Court costs associated with this entry are assessed against requester.

_____
LISA L. SADLER
Judge
